# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### May 14, 2008 Session

## STATE OF TENNESSEE v. BRANDON DAILEY

**Direct Appeal from the Circuit Court for Maury County**
**No. 12821, 13075, 16855     Jim T. Hamilton, Judge**

---

**No. M2007-02548-CCA-R3-CD - Filed August 11, 2008**

---

The State of Tennessee appeals the sentencing decision of the Maury County Circuit Court. After his probation was revoked, the defendant, Brandon Dailey, entered a plea of guilty to the sale of more than .5 grams of cocaine, a Class B felony. Thereafter, the court sentenced him to ten years imprisonment and ordered that his sentence run concurrently with his prior sentences. On appeal, the state argues that the trial court erred in imposing sentence without considering enhancement and mitigating factors and for failing to state on the record its reasons for the sentence in contravention of procedure established by the Sentencing Reform Act. Upon a full review of the record, arguments of counsel and applicable law, we reverse the judgment of the trial court and remand for a new sentencing hearing consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

J.C. MCLIN, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., joined.

William C. Barnes, Jr., Columbia, Tennessee, for the appellee, Brandon Dailey.

Robert E. Cooper, Jr., Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; T. Michel Bottoms, District Attorney General; and Brent Cooper, Assistant District Attorney General, for the appellant, State of Tennessee.

## OPINION

### FACTUAL BACKGROUND

According to the available record, the defendant pled guilty pursuant to a negotiated plea agreement to two counts of felony possession of cocaine with intent to sell (case numbers: 13075 and 12821). In exchange for his guilty pleas, the defendant received concurrent sentences of eight

years suspended after service of sixty days in confinement.[1] On August 20, 2007, the defendant pled guilty to selling more than .5 grams of cocaine (case number 16855), and to violating the terms and conditions of his probation by committing the aforementioned offense. In October 2007, a hearing was held to determine the disposition of the defendant's probation violation and the length and manner of service of sentence for case number 16855.

At the hearing, Linda Townsend testified that after the defendant was released from the Wayne County Boot Camp, she was assigned to supervise the defendant while he was on probation. Thereafter, she filed a probation violation warrant against the defendant, alleging that the defendant failed to adhere to the terms and conditions of his probation by failing to obey the law and refrain from possessing and using illegal drugs. Townsend noted that the defendant pled guilty to the violation. She also noted that the defendant took a drug test the morning of the sentencing hearing. The defendant failed the test and admitted to using cocaine.

Townsend testified that the defendant had admitted to using cocaine two or three times while on probation. However, when she discussed pursuing intensive drug rehabilitation, the defendant hedged and said he was selling cocaine not using it. Later on, the defendant again admitted that he was using cocaine and expressed an interest in getting help at a rehabilitation center called the Foundations of Life.

Lieutenant Bill Doley testified that he was a Lieutenant with the Maury County Sheriff's Department. Lieutenant Doley recalled that he was involved in the investigation that resulted in the defendant's arrest for the sale of cocaine in September 2006. The investigation was started after a confidential informant told police from Lawrence County that she was purchasing cocaine from the defendant. Accordingly, a controlled drug buy was set up between the confidential informant and the defendant. According to Lieutenant Doley, the plan was to buy 10 grams of cocaine from the defendant for $1000.

Lieutenant Doley testified that while under surveillance, the defendant offered to sell the informant $1400 worth of cocaine for $1000. Eventually, the transaction took place wherein the defendant gave the informant the cocaine and in return took $1000. At this time, the defendant was arrested with $1000 in marked bills in his possession. Lieutenant Doley claimed that he had been aware of the defendant's drug trafficking for about five years. He asserted that the defendant was not simply a "street-level dealer" but was "up the food chain" because he did not maintain gainful employment yet drove nice cars and always had a pocket full of money.

The defendant's presentence report was introduced into evidence. The report indicated that the defendant was twenty-five years old. For approximately one month in August 2007, the

---

[1] The state alleges in its brief that in February 2006, the defendant pled guilty to possession of cocaine with intent to sell (case number 25498) and received a ten year sentence ordered to run concurrently. This case is also alluded to in the court's order dealing with case number 16855. However, the technical record is devoid of the judgment of conviction reflecting this information. Because we do not have the judgment of conviction before us, the conviction is not included in our summary of the facts.

defendant worked for Hue Love Electrical as a helper and earned about $350 a week. Prior to this employment, the defendant worked at AJ Auto as a general laborer from January 2007 to July 2007. In addition to his prior drug convictions, the presentence report noted that the defendant had prior convictions for assault, disorderly conduct, driving on a suspended license, evading arrest, and several traffic offenses.

Following the testimony of the witnesses, the state requested that the defendant's probation be revoked and the defendant serve the remainder of his eight-year sentence in confinement. The state acknowledged that it had not filed a notice of enhancement factors but argued that several enhancement factors applied, including the fact that the defendant had an extensive history of criminal convictions and behavior, the defendant failed to comply with the conditions of his probation, and the defendant committed a felony while on probation. *See* Tenn. Code Ann. 40-35-114 (1), (8), (13). The state also requested that the trial court order the defendant's sentence in case number 16855 to be served consecutively to his prior convictions. In doing so, the state cited several factors it believed applied. In mitigation, the defense submitted that the defendant had a drug problem and clearly needed help. The defense asked the court to grant the defendant mercy and give him the opportunity to seek rehabilitation for his drug addiction.

At the conclusion of the hearing, the court revoked the defendant's probation and ordered him to serve the remainder of his sentence in confinement. However, with regard to the imposition of the defendant's sentence in case number 16855, the court remarked that it was "too tired" to sentence the defendant at the time and would "put together a sentence tomorrow." A few days later, the court filed an order, which stated the following in relevant part:

This sentencing hearing was held on the 9th day of October, 2007.

The defendant appeared in Maury County Circuit Court and waived his right to a probation hearing and pled guilty to violating his probation in cases 12821 and 13075. The defendant entered a plea of guilty to sale of cocaine in case 16855. The defendant also was charged with the sale of cocaine in Lawrence County, Tennessee, in case number 25498. All parties agreed that the results of the Maury County hearing would be dispositive of the Lawrence County case.

IT IS [THEREFORE] ORDERED, ADJUDGED, AND DECREED by the Court that the defendant is sentenced to ten years in the Tennessee Department of Corrections (sic) as a Range I offender.

The trial court also granted the defendant furlough to a rehabilitation center, but later, the court determined that furlough was inappropriate and revoked it.

**ANALYSIS**

-3-

On appeal, the state argues that the trial court erred in ordering the defendant to serve a concurrent ten year sentence in case number 16855 because the court did not follow the principles governing sentencing or articulate its findings for the record.

When the state challenges the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-402(d). This presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Pettus*, 986 S.W.2d 540, 543-44 (Tenn. 1999). However, if the record shows that the trial court failed to consider the sentencing principles and all relevant facts and circumstances, then review of the challenged sentence is purely de novo without the presumption of correctness. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). On appeal, the party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments. We will uphold the sentence imposed by the trial court if (1) the sentence complies with our sentencing statutes, and (2) the trial court's findings are adequately supported by the record. *See State v. Arnett*, 49 S.W.3d 250, 257 (Tenn. 2001); *see also* Tenn. Code Ann. § 40-35-210(f). If this court determines that the sentence is erroneous, it "may affirm, vacate, set aside, increase or reduce the sentence imposed or remand the case or direct the entry of an appropriate order." Tenn. Code Ann. § 40-35-402(c).

The mechanics of arriving at an appropriate sentence are spelled out in the Criminal Sentencing Reform Act of 1989 and its amendments. The trial court is free to select any sentence within the applicable range so long as the length of the sentence complies with the purposes and principles of the Sentencing Act. *Id*. § 40-35-210; *see also State v. Carter*, No. M2005-02784-SC-R11-CD, —S.W.3d—, 2008 WL 2081247, at *7 (Tenn. May 19, 2008) (noting that such principles encompass themes of punishment fitting of the crime, deterrence, and rehabilitation). However, the trial court is required to consider: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors set forth in Tennessee Code Annotated sections 40-35-113 and 40-35-114; (6) any statistical information provided by the Administrative Office of the Courts as to Tennessee sentencing practices for similar offenses; and (7) any statement the defendant wishes to make on his own behalf about sentencing. Tenn. Code Ann. § 40-35-210(b).

In the instant case, it is clear that the trial court did not place on the record, either orally or in writing, what specific findings it made when sentencing the defendant. As such, we are unable to conduct a proper de novo review. We also note that the appellate record does not include all pertinent judgments of conviction mentioned in the court's sentencing order. Given the state of the record and the fact that the trial court's sentencing determinations were not sufficiently articulated as required by the Sentencing Reform Act, we reverse the court's judgment as to the defendant's sentence in case number 16855 and remand the case for a new sentencing hearing. Upon remand,

the court is to articulate for the record its findings as to the length of the defendant's sentence[2] and make findings as to whether consecutive or concurrent sentencing is appropriate.

## CONCLUSION

Judgment of the trial court as to the defendant's sentence in case number 16855 is reversed and remanded for a new sentencing hearing consistent with this opinion.

_____
J.C. McLIN, JUDGE

---

[2] Regarding the application of enhancement and mitigating factors, we find the following instruction by our supreme court succinct and helpful:

> [A] trial court's weighing of various mitigating and enhancement factors has been left to the trial court's sound discretion. Since the Sentencing Act has been revised to render these factors merely advisory, that discretion has been broadened. Thus, even if a trial court recognizes and enunciates several applicable enhancement factors, it does not abuse its discretion if it does not increase the sentence beyond the minimum on the basis of those factors. Similarly, if the trial court recognizes and enunciates several applicable mitigating factors, it does not abuse its discretion if it does not reduce the sentence from the maximum on the basis of those factors. The appellate courts are therefore left with a narrower set of circumstances in which they might find that a trial court has abused its discretion in setting the length of a defendant's sentence.

_Carter_, No. M2005-02784-SC-R11-CD, —S.W.3d.—, 2008 WL 2081247, at *9.